*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

### UNITED STATES
Appellee

**v.**

### Robert A. CONDON, Technical Sergeant
United States Air Force, Appellant

**No. 17-0392**

Crim. App. No. 38765

Argued January 23, 2018—Decided March 1, 2018

Military Judges: Wendy L. Sherman (arraignment);
Vance H. Spath (trial)

For Appellant: *Philip D. Cave,* Esq. (argued); *Major Johnathan D. Legg* and *Captain Patricia Encarnación Miranda* (on brief).

For Appellee: *Mary Ellen Payne,* Esq. (argued); *Colonel Katherine E. Oler* and *Lieutenant Colonel Joseph Kubler* (on brief); *Captain Tyler B. Musselman.*

Chief Judge STUCKY delivered the opinion of the Court, in which Judges RYAN, OHLSON, and SPARKS, and Senior Judge EFFRON, joined.

————————

Chief Judge STUCKY delivered the opinion of the Court.

We granted review to determine whether the military judge abused his discretion in declining to give the entire defense-proposed instruction defining the term "incapable of consenting." We specified an additional issue to determine whether he erred in admitting part of a recorded statement in which Appellant invoked his right to counsel. We hold that the military judge did not abuse his discretion in declining to give additional instruction on the meaning of "incapable of consenting." We further hold that Appellant was not prejudiced by the admission of his invocation at trial. Therefore, we affirm the decision of the United States Air Force Court of Criminal Appeals (CCA).

## I. Procedural History

A general court-martial comprised of officer and enlisted members convicted Appellant, contrary to his pleas, of dere-

liction of duty, rape, sexual assault, stalking, forcible sodomy, assault consummated by a battery as a lesser included offense of aggravated assault, obstruction of justice, and false imprisonment,[1] in violation of Articles 92, 120, 120a, 125, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 920, 920a, 925, 928, 934 (2012). The members sentenced Appellant to a dishonorable discharge, confinement for thirty years, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the sentence and, except for the dishonorable discharge, ordered it executed.

After considering, among other issues, whether the military judge should have provided the defense-requested instruction on the meaning of "incapable," the CCA concluded the military judge did not err in failing to give any instruction on the term and affirmed. *United States v. Condon*, No. ACM 38765, 2017 CCA LEXIS 187, at \*43, \*47, 2017 WL 1325643, at \*16 (A.F. Ct. Crim. App. Mar. 10, 2017) (unpublished). We granted review, specifying in addition the issue of the admission of Appellant's invocation. *United States v. Condon*, 76 M.J. 435 (C.A.A.F. 2017) (order granting review).

## II. The Instruction

Since granting Appellant's petition for review, we have decided *United States v. Bailey*, 77 M.J. 11 (C.A.A.F. 2017). In that case we concluded that, in light of the other definitions given by the military judge, "the phrase 'incapable of consenting' does not require additional definition and therefore instruction on this point was not required." *Id.* at 15.

The military judge in Appellant's case gave part of the requested instruction, defining "impaired," as well as the definitions of "consent" from the Military Judges' Benchbook. *See* Dep't of the Army, Pam. 27-9, Legal Services, Military Judges' Benchbook ch. 3, para. 3-45-14.d., Note 8 (2014). With these definitions, the military judge "allowed the panel to understand the element 'incapable of con-

---

[1] This was charged as a violation of Fl. Stat. § 787.02, assimilated into federal law by 18 U.S.C. § 13, a crime or offense not capital.

senting.'" *Bailey*, 77 M.J. at 15. Therefore, we hold that the military judge did not abuse his discretion in failing to give the proposed incorrect instruction, or a sua sponte instruction, on a term readily understandable by the members. *See United States v. Carruthers*, 64 M.J. 340, 346 (C.A.A.F. 2007) (stating that a military judge does not abuse his discretion by declining to give a proposed instruction substantially covered by the given instruction).

### III. The Invocation

Agents of the Air Force Office of Special Investigations (AFOSI) interrogated Appellant regarding his sexual encounter with Airman First Class (A1C) ML. Appellant initially waived his rights but later invoked his right to counsel saying "I'm not going to do this anymore. Put it this way, I want a lawyer, and I don't want to answer any more questions." A few minutes after Appellant's invocation, Special Agent (SA) Mark Paradis told Appellant AFOSI had obtained a warrant to search Appellant's home and asked for a key to do so. SA Paradis also brought in a local sheriff's investigator to try to persuade Appellant to offer up his house key. In response to the men trying to convince him to provide the key, Appellant said "[o]kay, I'd like to re-approach and talk to you …. This is embarrassing man, I don't want people shuffling through my stuff." After SA Paradis read Appellant his rights anew, Appellant waived his right to counsel and spoke with the agents.

The military judge denied a defense motion to suppress Appellant's statements following his invocation of counsel, and the Government introduced the videotape of the interrogation. Immediately before the tape was to be played for the members, defense counsel objected to the admission of the invocation and, in the alternative, requested a limiting instruction. The military judge denied the objection, concluding it would be less confusing for the members if he gave the limiting instruction on the invocation than to redact the invocation and instruct the members on the resulting gap in the recording.

Before playing the tape, the military judge instructed the members that they should draw no adverse inference from the invocation of the right to counsel recorded on the video.

Although the military judge told counsel and the members that he would give additional instructions on this issue before findings, neither his final written nor spoken instructions to the members included further instructions on the invocation. After the members saw the video, neither the parties nor the military judge mentioned Appellant's invocation during the remaining four days of the trial.

"The fact that the accused during official questioning and in exercise of rights under the Fifth Amendment to the United States Constitution or Article 31 … requested counsel … is not admissible against the accused." Military Rule of Evidence (M.R.E.) 301(f)(2). We review claims of an improper reference to an accused's invocation of his constitutional rights de novo. *United States v. Moran*, 65 M.J. 178, 181 (C.A.A.F. 2007). "A finding or sentence of court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2012). Where, as here, the alleged error is of constitutional dimensions, we must conclude beyond a reasonable doubt that it was harmless before we can affirm. *United States v. Jerkins*, __ M.J. __, __ (6) (C.A.A.F. 2018).

To conclude that such an error is harmless beyond a reasonable doubt, we must be convinced that the error did not contribute to the verdict. *United States v. Chisum*, 77 M.J. 176, 179 (C.A.A.F. 2018). That an error did not contribute to the verdict is "not, of course to say that the jury was totally unaware of that feature of the trial later held to have been erroneous. It is, rather, to find that error unimportant in relation to everything else the [panel] considered on the issue in question, as revealed in the record." *Moran*, 65 M.J. at 187 (internal quotation marks omitted) (citation omitted). In Appellant's case, we need not determine whether the admission of his invocation was error because we conclude he suffered no prejudice as a result—that is, even if the members were aware of the invocation later, the inclusion of it was "unimportant in relation to everything else the [panel] considered" in the case. *Id.* (internal quotation marks omitted) (citation omitted). As part of our analysis, we first consider whether the effect of the included invocation "was dampened by the minor part [it] played" in Appellant's trial. *Id.*; *see al-*

*so United States v. Sidwell*, 51 M.J. 262, 265 (C.A.A.F. 1999) (holding that the government's witness's brief mention of the appellant's invocation of rights "was an isolated reference" which was harmless beyond a reasonable doubt in the context of the entire record). The Government introduced the interrogation tape on the second day of Appellant's six-day trial. The record reveals no other mention of the invocation by the military judge or the parties for the remaining four days of the trial. We conclude, therefore, that the invocation issue played a minor role in Appellant's court-martial.

Second, the members did not see Appellant's invocation in a vacuum. Having just heard the military judge's instruction not to make an adverse inference from Appellant's invocation, the members heard Appellant's invocation followed by his continuing proclamations of his innocence throughout the interrogation. The record presents no evidence to rebut the presumption that the members followed the military judge's instructions. *See United States v. Taylor*, 53 M.J. 195, 198 (C.A.A.F. 2000).

Finally, the Government had a strong case against Appellant. *See Moran*, 65 M.J. at 187–88 (holding that the government's comment on the appellant's invocation of rights did not contribute to the appellant's conviction due to the strength of the government's evidence). A1C ML testified at Appellant's court-martial, explaining her persistence in trying to leave Appellant's home and her attempts to ward him off physically. During his interrogation with AFOSI, Appellant revealed that on the night of the assault, he did not want A1C ML to leave his home, despite her repeatedly stated desire to leave. And the AFOSI agents interrogating Appellant a few days after the assault noticed that he had scratches on his forearms, where A1C ML testified she scratched Appellant in self-defense. Furthermore, DNA taken from underneath A1C ML's fingernails matched Appellant, and DNA swabs from the red mark on A1C ML's shoulder revealed Appellant's saliva, supporting her assertion that he bit her there during the assault.

In defense counsel's own words, Appellant's invocation comprised a "very narrow portion" of the AFOSI interrogation video. Considering the length of the trial; the military judge's preemptive instructions to the members regarding

Appellant's invocation; the brevity of the invocation; the absence of any other mention, by anyone, of the invocation throughout the remaining four days of the court-martial; and the strength of the Government's case against Appellant, we conclude there is no reasonable probability the admission of Appellant's invocation contributed to the verdict. Therefore, we hold that Appellant suffered no prejudice by the admission of his invocation of his right to counsel.

## IV. Judgment

The judgment of the United States Air Force Court of Criminal Appeals is affirmed.